# Supreme Court of Florida

————————

No. SC16-1178

————————

**KAYLE BARRINGTON BATES,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[May 18, 2017]

PER CURIAM.

Kayle Barrington Bates, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Bates previously moved for postconviction DNA testing of several items of evidence from the crime scene, which the circuit court denied and this Court affirmed. Bates v. State, 3 So. 3d 1091, 1097-98 (Fla. 2009). In his current

motion, Bates seeks DNA testing of ten items, seven of which were previously requested in his first rule 3.853 motion. Specifically, Bates again seeks DNA testing of the following items, rearguing that he did not commit the murder and that the results of testing on these items would exonerate him: (1) the victim's panties; (2) the victim's vaginal swab; (3) semen smear slides; (4) the victim's skirt and hosiery; (5) an acid phosphatase test; (6) the victim's vaginal washing; and (7) the blue cord used to strangle the victim. In denying Bates' prior motion, we rejected Bates' argument that DNA testing on these items would produce a reasonable probability of his exoneration in light of the "accumulation of evidence" establishing his identity as the perpetrator. Id. at 1099. Because Bates seeks to relitigate questions of law already decided by this Court, his claims as to these seven items are procedurally barred. See Zeigler v. State, 116 So. 3d 255, 258 (Fla. 2013) (holding defendant's successive rule 3.853 motion was procedurally barred because his prior motion raising the same claims was denied by the trial court and affirmed by this Court).

Further, we affirm the circuit court's denial of DNA testing on the three remaining items not subject to the procedural bar. Regarding the first two items, Bates alleges that debris from the victim's clothing, which includes a Caucasian hair sample that Bates alleges could not be his because he is African American, and the victim's fingernail clippings could contain DNA of the actual killer and

therefore exonerate him. Bates further argues that if DNA testing on these items excludes his DNA, he would also be exonerated. Like the seven items for which DNA testing has already been denied, favorable testing from these additional items would not establish that Bates is not the perpetrator, as the evidence of Bates' guilt is overwhelming:

> Bates was arrested at the scene of the crime just <u>minutes</u> after the victim's death. He had the victim's diamond ring in his pocket, and he tried to conceal it from law enforcement officers. A watch pin consistent with Bates' watch was found inside the victim's office, and Bates' watch was missing a watch pin. Footprints consistent with Bates' shoes were found behind the State Farm office building[, where the victim's body was found]. Bates' hat was found near the victim's body. Two green fibers were found on the victim's clothing—one on her blouse and one on her skirt—that were consistent with the material that Bates' pants were made of. A knife case was found near the victim's body, and that case was identified by various witnesses as being the exact type that Bates wore. The victim's two fatal stab wounds were consistent with the type of buck knife that Bates carried in that case. The consistency between the stab wounds and Bates' knife was striking; the wounds were four inches deep, and Bates' knife was four inches long; the width of the wounds was consistent with the width of Bates' knife; and . . . there were abrasions at the bottom of the wound that were consistent with marks that Bates' knife would have made. Bates' statements to investigators and at his trial also placed him either at the scene of the crime or directly involved in the victim's murder. Bates stated during a telephone call to his wife after his arrest that he killed a woman.

<u>Bates</u>, 3 So. 3d at 1099.

In light of this evidence, the absence of Bates' DNA or the presence of an unknown male contributor's DNA on the debris would not imply that Bates is not the perpetrator. Similarly, DNA testing of the hair sample would not conclusively

- 3 -

identify the perpetrator, as there is no way of knowing when, where, and how the hair (if it is not the victim's) was deposited on the victim's clothing. See Overton v. State, 976 So. 2d 536, 568 (Fla. 2007). For the same reason, results from testing the victim's fingernail clippings would not establish that Bates is not the perpetrator. See Hodgkins v. State, 175 So. 3d 741, 756 (Fla. 2015) (Canady, J., dissenting) (explaining that DNA is often deposited under fingernails through casual contact); see also State v. Fitzpatrick, 118 So. 3d 737, 770 (Fla. 2013) (noting the lack of any scientific method to determine when DNA was deposited). Finally, regarding the third item, because Bates' other requests for testing were properly denied, there is no reasonable probability that testing the victim's blood sample, hair, and saliva standards for comparison with the other requested items would exonerate him. In light of the overwhelming evidence of Bates' guilt, there is no reasonable probability that the results of DNA testing on these three additional items would have resulted in his acquittal or reduced his sentence.

Accordingly, we affirm the circuit court's order denying Bates' successive motion for postconviction DNA testing.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Bay County,
Harry Hentz McClellan, Judge - Case No. 031982CF000661XXAXMX

Seth E. Miller and Melissa Montle of Innocence Project of Florida, Inc., Tallahassee, Florida; and Rachel Day, Assistant Capital Collateral Regional Counsel, and Scott Gavin, Staff Attorney, Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, Florida,

    for Appellee