# Third District Court of Appeal

## State of Florida

Opinion filed July 7, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D21-0689
Lower Tribunal No. F89-30985A

————————

**Felix Carbonell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Lody Jean, Judge.

Felix Carbonell, in proper person.

Ashley Moody, Attorney General, and Ivy R. Ginsberg, Assistant Attorney General, for appellee.

Before EMAS, HENDON, and MILLER, JJ.

PER CURIAM.

Affirmed. See Bates v. State, 218 So. 3d 426, 427 (Fla. 2017) (Examining a successive motion for postconviction DNA testing and holding, "[b]ecause Bates seeks to relitigate questions of law already decided by [the Florida Supreme Court], his claims as to these seven items are procedurally barred.") (citation omitted); see also Zeigler v. State, 116 So. 3d 255, 258 (Fla. 2013) ("It is the defendant's burden to explain, with reference to specific facts about the crime and the items requested to be tested, how the DNA testing will exonerate the defendant of the crime or will mitigate the defendant's sentence.") (citations omitted); Fla. R. Crim. P. 3.853(c)(5)(C) (When ruling on a motion for postconviction DNA testing, the court must determine "[w]hether there is a reasonable probability that the movant would have been acquitted or would have received a lesser sentence if the DNA evidence had been admitted at trial.").